IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN V. BOGUE,

      Plaintiff,                    No. CIV S-09-0447 GGH P

    vs.

M. WIEGEL,

      Defendant.                ORDER

_____/

      Pending before the court is plaintiff's third amended complaint filed June 17, 2009. For the following reasons, this action is dismissed.

      The only named defendant is Correctional Officer Wiegal. Plaintiff alleges that on January 28, 2008, he was shot twice by Correctional Officer Wiegal, once in the upper right shoulder and once in the back of his head. As a result of the head wound, plaintiff lost two pints of blood. Plaintiff states that he wants a cash settlement because he suffers from memory loss and nerve damage.

      As the court informed plaintiff in the June 4, 2009, order, in order to state an Eighth Amendment claim for excessive use of force, plaintiff must allege facts demonstrating that force was not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm. Hudson v. McMillan, 503 U.S. 1, 7, 112 S.Ct. 995 (1992).

1

The third amended complaint contains no facts suggesting that defendant Wiegal acted maliciously and sadistically to cause harm when he shot plaintiff. The court notes that on May 6, 2009, plaintiff separately filed a copy of the incident report prepared by prison officials regarding his shooting. The incident report states that defendant shot plaintiff after he (plaintiff) was seen battering inmate Karelas. According to the report, plaintiff was seen hovering over Karelas "wildly punching" him. At that time, defendant fired at plaintiff.

In the June 4, 2009, order dismissing the second amended complaint, the court observed that the incident report indicated that defendant Wiegal fired at plaintiff in a good faith effort to restore discipline. The third amended complaint does not address this observation.

Plaintiff has been unable to file a complaint stating a colorable Eighth Amendment claim against defendant Wiegal despite court orders advising him of the proper legal standards. Because it does not appear that plaintiff can state a colorable claim against this defendant, this action is dismissed.

On June 17, 2009, plaintiff filed a motion to proceed in forma pauperis. Because the court previously granted in forma pauperis status to plaintiff, this motion is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (no. 16) is denied;

2. This action is dismissed.

DATED: June 26, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

bo447.dis